**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROBERT CARL HALL | : |
|     Petitioner | : |
| v | :    Civil Action No. CCB-07-799 |
| DAVID HELSER[1] | : |
|     Respondent | : |

o0o

## MEMORANDUM

Pursuant to this court's order of April 3, 2007, respondent has filed an answer to the above-captioned habeas corpus action, stating it is subject to dismissal for failure to exhaust state remedies. Paper No. 7. Petitioner has filed an opposition to respondent's answer. Paper No. 10. Petitioner has also filed a motion for return of property and a request for a hearing and subpoenas. Papers No. 11 and 13. Upon review of the record, a hearing in this matter is unnecessary.

Background

Petitioner asserts he has been confined illegally at Spring Grove Hospital pursuant to an order of the Circuit Court for Baltimore County. Paper No. 1. He states he has been denied his right to a speedy trial and to reasonable bail.[2] *Id* According to records submitted by respondent, petitioner was criminally charged in 2006 with several offenses including theft over $500.00, unlawful taking of a motor vehicle, and second-degree assault. Paper No. 7 at Ex. A. On January 7, 2007, the Circuit

---

[1] The Clerk shall amend the docket to reflect that Maryland Attorney General Douglas Gansler is not a respondent in this case.

[2] Petitioner also asserts that as part of a conspiracy he is subjected to illegal human research testing. Under Maryland law, a state psychiatric patient may decline to participate in research testing. *See* Md. Code Ann., Health General art., § 10-707 (2005 Repl. Vol.). There is no evidence that petitioner is the subject of such testing.

Court for Baltimore County issued an order requiring the Maryland Department of Health and Mental Hygiene ("DHMH") to evaluate petitioner's competency to stand trial. *Id.* at Ex. B. Petitioner was admitted to Spring Grove Hospital Center on March 2, 2007, for purposes of performing the court-ordered evaluation and on March 20, 2007, a report was submitted by the psychiatrist at Spring Grove declaring petitioner incompetent to stand trial. It was further recommended that petitioner remain at Spring Grove for further in-patient psychiatric care. *Id.* at Ex. C. The Baltimore County State's Attorney requested petitioner's criminal charges remain active and that his commitment to Spring Grove continue. *Id.* at Ex. D. Petitioner remains in custody at Spring Grove pursuant to that request.

Petitioner has filed a motion to quash respondents' motion to dismiss and a motion for an order to return his property seized subsequent to his arrest. Papers No. 10 and 11. Petitioner's motion to quash shall be construed as a reply to the response to show cause and will be denied.

## Standard of Review

Petitioner is in state custody because his mental illness renders him unable to stand trial in the Circuit Court for Baltimore County: thus, his petition has been considered under 28 U.S.C. § 2241.[3] Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224–26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations

---

[3] Had he been convicted of criminal charges, he could challenge the validity of such conviction in this court by way of a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.

2


omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, petitioner has a right under Maryland law to file a petition for release in state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. *See* Md. Health Gen. Code Ann., § 10-805(a) and (b). Denial of an application for release may be appealed. *See id.,* §10-805(h). Respondent states that petitioner has not challenged his commitment order in state court. Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Petitioner's claims that he is illegally confined may be litigated in a state forum without harm to petitioner's constitutional rights. Accordingly, petitioner's motion to quash respondent's motion to dismiss shall be denied and his habeas petition shall be dismissed without prejudice.

Petitioner's motion for return of property raises new issues not previously alleged in the petition for writ of habeas corpus. The property was seized by state authorities and petitioner has

not availed himself of the remedies available for its return.  *See* Md. Crim. Proc., Code Ann. §12-201, *et seq.*.  Accordingly, the return of property claim shall also be dismissed without prejudice.


| _May 31, 2007_ | _/s/_ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |